IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOSUE VIZCARRA CHAVEZ,

   Petitioner,               OPINION AND ORDER

 v.                         25-cv-270-wmc

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

   Respondent.

_____

   Petitioner Josue Vizcarra Chavez is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Chavez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging an order of removal entered against him by Immigration and Customs Enforcement ("ICE") officials with the United States Department of Homeland Security. (Dkt. #1). The petition must be dismissed for the reasons explained below.

OPINION

   Petitioner is currently incarcerated as a result of a federal conviction for conspiracy to distribute a controlled substance and money laundering in *United States v. Josue Vizcarra Chavez*, Crim. No. 15-1211-05 (D. Ariz.). He received a sentence of 120 months' imprisonment followed by a 5-year term of supervised release in a judgment entered on April 29, 2019. His projected release date is August 20, 2026.

In a federal habeas corpus petition dated March 31, 2025, petitioner complains that, as the result of an order of removal that has been entered against him by ICE, the Bureau of Prisons has determined that First Step Act time credits do not apply to him pursuant to 18 U.S.C. § 3632(d)(4)(E)(i) (prisoners subject to a final order of removal under any provision of the immigration laws are ineligible for time credits under this section), which has affected the length of imprisonment.  Thus, petitioner seeks relief under 28 U.S.C. § 2241 from the order of removal that was entered against him.

It is well established that district courts do not have subject matter jurisdiction to consider any issues pertaining to an order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a).  This statute makes a petition for review to the applicable circuit court of appeals the "*sole and exclusive means* of judicial review" for orders of removal.  8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders").  As a result, any habeas petition under § 2241 seeking judicial review of a removal order after REAL ID was enacted "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam).  Because petitioner plainly challenges an order of removal, the petition must be dismissed for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Josue Vizcarra Chavez (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 10th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge